IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-41676 |
| | ) | (LEAD CASE) |
| RUSS'S CAR WASH, INC. and | ) | CH. 11 |
| JAMES A. MARTINEZ, | ) | |
| | ) | |
| Debtors. | ) | |
| IN THE MATTER OF: | ) | CASE NO. BK06-41674 |
| | ) | |
| JAMES A. MARTINEZ, | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |
| IN THE MATTER OF: | ) | CASE NO. BK06-41672 |
| | ) | |
| LYDIA JEAN MARTINEZ, | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on October 17, 2007, on a Motion to Convert Case to Chapter 7 filed by creditor Platte Valley State Bank & Trust Company (Fil. #106), and an Objection filed by Debtors (Fil. #109). Galen E. Stehlik appeared for the consolidated Debtors, and Arend Baack appeared for Platte Valley State Bank & Trust Company ("Platte Valley").

The Chapter 11 cases of James A. Martinez (BK06-41674), Lydia Jean Martinez (BK06-41672), and Russ's Car Wash, Inc. (BK06-41676) were administratively consolidated into the lead case of Russ's Car Wash, Inc. The primary lender to Debtors is Platte Valley, which holds (I) a first deed of trust lien on Debtors' active carwash location located on Diers Avenue in Grand Island, Nebraska; (ii) a first deed of trust lien on Debtors' closed carwash location located on Second Street in Grand Island, Nebraska; (iii) a second deed of trust lien against the principal place of residence of James A. Martinez; (iv) a second deed of trust lien against the principal place of residence of Lydia Jean Martinez; and (v) a blanket security interest in Debtors' accounts receivable and other assets (although some of the equipment is leased from third parties).

Platte Valley seeks to convert these cases to Chapter 7 for "cause" pursuant to 11 U.S.C. § 1112(b)(1) and (4). To support its motion, Platte Valley states that Debtors have no reasonable likelihood of reorganization and further that Debtors have made certain payments in violation of the Bankruptcy Code. Specifically, Platte Valley notes that these cases were filed on December 4, 2006, and it is now more than ten months later and Debtors have failed to propose a plan and disclosure statement. Even if Debtors qualify for classification as a "small business case," § 1121(e)(2) requires that a plan and disclosure statement be filed not later than 300 days after the date of filing. Under § 1112(b)(4)(J), the failure to file a disclosure statement or to file or confirm a plan within the time fixed by the Bankruptcy Code constitutes cause for conversion. Platte Valley further points

out that James Martinez even acknowledges in his affidavit (Fil. #122) that it would be "impossible" to develop a feasible plan until Debtors sell their closed carwash location on Second Street. The affidavit of Mr. Martinez reveals that he has had the Second Street location for sale for over one year and has not received any offers. He indicates that the existence of the pending bankruptcy as well as a pending highway widening project are hindering the ability to sell that carwash.

As further cause, Platte Valley points out that Debtors have made post-petition payments to at least two pre-petition creditors and failed to receive Court approval to do so. Debtors have also made post-petition payments on professional fees to Debtors' counsel and accountant without first seeking Court approval to do so.

I agree that Platte Valley has established "cause" for conversion of these cases pursuant to 11 U.S.C. § 1112(b)(1) and (4). Mr. Martinez admits that the sale of the Second Street location is critical to his ability to formulate a feasible plan. He also admits that he has been unable to sell that location for over one year, and that there are challenges which are hindering his ability to sell. In his affidavit, Mr. Martinez asks for an additional 60 days, but provides no evidence to indicate that a sale of that location is likely within that time period. Debtors have failed to file a disclosure statement and plan in accordance with the time periods established by the Bankruptcy Code. Further, by paying pre-petition expenses and post-petition professional fees without Court order, Debtors have disregarded the requirements of the Bankruptcy Code.

Under § 1112(b)(1), once "cause" has been established, conversion is mandatory "absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate . . . ." Section 1112(b)(2) then provides that in order to show unusual circumstances, the debtor must establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time, <u>and</u> that there was reasonable justification for any act or omission of the debtor and that such act or omission can be cured within a reasonable period of time. Debtors have failed to produce any evidence of unusual circumstances to establish that conversion is not in the best interests of creditors and the estate. In fact, the testimony of James Martinez is that there is not a reasonable likelihood of a plan being confirmed anytime soon due to the problems with selling the Second Street location.

IT IS ORDERED that Platte Valley's Motion to Convert (Fil. #106) is granted. The joint administration of the cases is severed and the cases shall be administered separately. A copy of this Order shall be filed in each case and future documents should be filed in the appropriate case.

DATED: October 22, 2007.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    Galen E. Stehlik
    *Arend Baack
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.